# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2020

Lyle W. Cayce
Clerk

No. 19-10915
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANILOU BELTRAN DEL RIO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-96-49

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Anilou Beltran Del Rio, previously convicted of conspiracy to possess with intent to distribute a controlled substance, appeals the mandatory revocation of her supervised release pursuant to 18 U.S.C. § 3583(g) and her 24-month revocation sentence. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10915

First, Del Rio argues that her sentence should be vacated because the district court erroneously believed that the advisory policy statement range was 24 to 30 months of imprisonment. Alternatively, she argues that the district court plainly and reversibly erred by failing to state its calculations for the advisory range under U.S.S.G. § 7B1.4, p.s. The record refutes these arguments. Specifically, the revocation hearing colloquy reflects the district court's understanding that the advisory sentencing range was 4 to 10 months. Likewise, the district court's statement of reasons (issued after a limited remand to correct a clerical error) states explicitly that the court applied a policy statement range of 4 to 10 months and sets forth its rationale for the above-range sentence. Del Rio has not shown that the 24-month revocation sentence is plainly unreasonable. *See United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018).

Next, Del Rio argues that § 3583(g) is unconstitutional in light of *United States v. Haymond*, 139 S. Ct. 2369 (2019), because it does not require a jury determination of guilt beyond a reasonable doubt. As she concedes, review of this unpreserved issue is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail on plain error review, she must show a forfeited error that is clear or obvious and that affects her substantial rights. *See id.* If she makes such a showing, this court has the discretion to correct the error and should do so "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and alteration omitted).

The Supreme Court's decision in *Haymond* addressed the constitutionality of § 3583(k), and the plurality opinion specifically declined to "express a view on the mandatory revocation provision for certain drug and gun violations in § 3583(g)." *Haymond*, 139 S. Ct at 2382 n.7 (plurality

No. 19-10915

opinion).  The application of § 3583(g) was not plain error.  *See United States v. Badgett*, 957 F.3d 536, 539-41 (5th Cir. 2020).

AFFIRMED.